UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

LOUIS A. BRAVO,

                              Plaintiff,                **MEMORANDUM & ORDER**
                                                                 12-CV-4009 (MKB)

                          v.

BEXAR COUNTY, TX, DISTRICT ATTORNEY'S
OFFICE OF BEXAR COUNTY, TX, HERTZ
CORPORATION and STATE OF TEXAS,

                              Defendants.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Louis A. Bravo, proceeding *pro se*, commenced the above-captioned action on August 10, 2012, against Defendants Bexar County, Texas and the District Attorney's Office of Bexar County, Texas, ("Bexar County Defendants"), Hertz Corporation and the State of Texas, alleging false arrest, false imprisonment, malicious prosecution, and conspiracy in violation of the Fourth Amendment, and violations of the Thirteenth Amendment pursuant to 42 U.S.C. § 1983, and state law claims of intentional infliction of emotional distress, negligence, defamation, and "abuse of power." (Docket Entry No. 1.) The Bexar County Defendants moved to dismiss the Complaint. (Docket Entry No. 44.) Hertz Corporation moved to dismiss some of Plaintiff's claims, and moved for summary judgment as to the remaining claims against Hertz Corporation. (Docket Entry No. 47.) On August 13, 2013, the Court referred the motions to Magistrate Judge Lois Bloom for a report and recommendation. (Order dated Aug. 13, 2013.) On February 20, 2014, Judge Bloom issued a report and recommendation ("R&R"), recommending that the Court (1) grant Hertz Corporation's motion to dismiss and motion for summary judgment in their entirety, thereby dismissing all claims against Hertz Corporation and

dismissing Hertz Corporation as a Defendant, (2) *sua sponte* dismiss the State of Texas as a Defendant, and (3) dismiss Plaintiff's claims against the Bexar Defendants pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, without prejudice and without leave to amend. (R&R at 10, 14, 23.) No objections were filed.

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" *Sepe v. New York State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Almonte v. Suffolk Cnty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's Report and Recommendation if the party fails to file timely objections designating the particular issue.").

The Court has reviewed the unopposed R&R, and, finding no clear error, the Court adopts Judge Bloom's R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1). The State of Texas is dismissed as a Defendant. *See McGinty v. New York*, 251 F.3d 84, 101 (2d Cir. 2001) (affirming district court's *sua sponte* dismissal of State of New York as a defendant based on Eleventh Amendment sovereign immunity); *Jones v. N.Y.S. Div. of Military & Naval Affairs*, 166 F.3d 45, 49 (2d Cir. 1999) (sovereign immunity bars claims brought pursuant to § 1983

against State defendants). Plaintiff's claims against Hertz Corporation are dismissed, and Hertz Corporation is dismissed as a Defendant. Plaintiff's claims against the Bexar Defendants are dismissed, pursuant to Rule 12(b)(2) for lack of personal jurisdiction, without prejudice and without leave to amend. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED:

s/MKB
MARGO K. BRODIE
United States District Judge

Dated: March 21, 2014
Brooklyn, New York